# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00579-CV

**In re Pablo T. Caudillo**

### ORIGINAL PROCEEDING FROM CALDWELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Pablo T. Caudillo has filed a petition for writ of mandamus, complaining that the trial court had not entered judgments nunc pro tunc in his two convictions for drug possession and criminal non-support. *See* Tex. R. App. P. 52.8. The judgments arise out of earlier convictions that resulted in probation. The State filed motions to revoke Caudillo's probation, and he pled true to the allegations. The trial court signed two judgments of conviction on August 2, 2010, sentencing Caudillo to serve 700 days in state jail in each cause and setting the sentences to run concurrently. In the possession case, the trial court gave Caudillo time-served credit for 215 days. In the non-support cause, the court gave him 252 days of time-served credit. In his petition for writ of mandamus, Caudillo argues that because his sentences are running concurrently, he should receive credit for the cumulative total of the time granted by the court, 467 days. We disagree.

First, we note that the record presented by Caudillo does not support his argument because it does not show when he earned the time-served credits, the conditions under which the credits were granted, or other important information related to how the credits accumulated. Even if the record was complete, however, article 42.03, section 2(a) provides that the trial court "shall

give the defendant credit on his sentence for the time that the defendant has spent in jail *for the cause*." Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West Supp. 2010) (emphasis added). Caudillo's sentences are running concurrently but are separate and distinct from each other. Thus, the time-served credit earned in the possession case applies only to his sentence in that case, and the credit earned in the non-support conviction, which was originally entered several years before the possession conviction, applies only to that sentence. That Caudillo's sentences are running at the same time does not change the fact that he is serving two sentences for two different convictions and does not mean that his two independent time-served credits should be combined. *See id.* We deny the petition for writ of mandamus.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Filed: November 3, 2011

2